UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MORAN TOWING CORPORATION** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-585**<br>**c/w No. 13-622**<br>**REF: ALL CASES** |
| **TREG COMEAUX** | **SECTION I** |

### ORDER AND REASONS

Before the Court is a motion[1] filed by Treg Comeaux ("Comeaux") to extend the pretrial motions deadline. Comeaux also filed two motions[2] for an expedited hearing. Moran Towing Corporation ("Moran") has filed an opposition.[3]

Comeaux asks the Court to allow him to file a motion for partial summary judgment with respect to liability, and to allow an untimely motion[4] *in limine* "to strike Garreth Fernandes' testimony and report."[5] The scheduling order requires that "[a]ll pretrial motions, including motions *in limine* regarding the admissibility of expert testimony, shall be filed and served in sufficient time to permit hearing thereon no later than **Wednesday, October 15, 2014**."[6] Accordingly, Comeaux's motions should have been filed no later than Tuesday, September 30, 2014. *See* LR 7.2.[7]

---

[1] R. Doc. No. 91.
[2] R. Doc. Nos. 92, 95.
[3] R. Doc. No. 93.
[4] *See* R. Doc. No. 90; *see also* R. Doc. No. 93, at 1-2. Comeaux's *Daubert* motion was filed on October 14, 2014, and it is currently set for submission on October 29, 2014. R. Doc. No. 90-2, at 1.
[5] R. Doc. No. 94-1, at 1.
[6] R. Doc. No. 68, at 1.
[7] Local Rule 7.2 states, in pertinent part, that "motions must be filed not later than the fifteenth day preceding the date assigned for submission."

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a scheduling order "may be modified only for good cause and with the judge's consent." "A party is required 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (quoting *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008)); *see also* 6A Wright & Miller, Federal Practice & Procedure § 1522.2 (3d ed. 2014).

"There are four factors relevant to a determination of good cause under Rule 16(b)(4)." *Filgueira*, 734 F.3d at 422. They are (1) the explanation for the untimeliness; (2) the importance of the untimely filing; (3) potential prejudice in allowing the untimely filing; and (4) the availability of a continuance to cure such prejudice. *See id.* (quoting *EEOC v. Serv. Temps. Inc.*, 679 F.3d 323, 334 (5th Cir. 2012)); *see also S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003). The Court has "broad discretion" to enforce its scheduling order. *See Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) ("[O]ur court gives the trial court 'broad discretion to preserve the integrity and purpose of the pretrial order.'") (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979)).

Comeaux asserts that good cause is present because of "counsel's mistaken or confused understanding that . . . he had to wait until on or after October 30, 2014 to file his partial summary-judgment motion."[8] Comeaux asserts that his counsel's confusion stemmed from the Court's extension of the discovery deadline to October 30, 2014,[9] and the Court's previous order

---

[8] R. Doc. No. 91-1, at 2.
[9] The Court's September 8, 2014 order, which granted Comeaux's motion to continue the discovery deadline, also ordered "that all other presently scheduled dates and deadlines remain in effect, including the pretrial motions deadline, the pretrial conference date, and the trial date." R. Doc. No. 79.

denying a separate, unrelated motion *in limine* as premature.[10] Comeaux also asserts that good cause is present with respect to his motion *in limine* to exclude Fernandes' testimony because the court reporter who transcribed Fernandes' deposition fell ill, was hospitalized, and was unable to deliver such transcript until October 2, 2014.[11]

Moran contends that the deadlines in the scheduling order are clear, that Comeaux's motion *in limine* regarding Fernandes' testimony and the motion for partial summary judgment have nothing to do with the Court's June 10, 2014 order, and that Comeaux should have requested additional time prior to the passing of the deadline.[12] Moran asserts that it "will be prejudiced by allowing the late filing of this motion in that it will be forced to divert attention from trial preparation and incur extra attorneys' fees in responding to them, when otherwise, the case could proceed as set out in the scheduling order."[13]

With respect to Comeaux's late-filed motion *in limine*, the Court finds that there is good cause to allow the untimely filing. First, because of the court reporter's unexpected, serious illness, and the late delivery of Fernandes' deposition transcript on October 2, 2014, Comeaux was not reasonably able to file such a motion in time to permit hearing thereon on October 15, 2014. With respect to the second factor to be considered, neither party addresses the importance of the motion *in limine*. Third, the only prejudice to Moran is that it will now have to defend the

---

[10] On May 6, 2014, Comeaux filed a motion *in limine* to exclude evidence of "(1) Moran's payment of maintenance and cure benefits, (2) Comeaux's misdemeanor offenses, and (3) a $131.93 default money judgment against him." R. Doc. No. 69, at 1. On June 10, 2014, the Court dismissed such motion as premature "[b]ecause the above-captioned matter [was] still in the relatively early stages of litigation," and "especially in light of Moran's uncertainty over whether it would even attempt to introduce such evidence." R. Doc. No. 75, at 1-2. The Court noted that the deadline for such a motion is "'twelve working days before trial,'" which is scheduled for December 8, 2014. R. Doc. No. 75, at 1 (quoting R. Doc. No. 68, at 1).
[11] R. Doc. No. 94-1, at 2; *see also* R. Doc. No. 94-3.
[12] R. Doc. No. 93, at 1.
[13] R. Doc. No. 93, at 2.

qualifications and opinions of its expert on the basis of a pretrial motion, as opposed to confronting *Daubert* issues at trial. Fourth, although a continuance is available, neither party has requested one, and the Court has not been provided any reason why a continuance is necessary. Notwithstanding the fact that an extension should have been requested prior to the passing of the deadline, the Court finds that Comeaux has demonstrated good cause with respect to his motion *in limine*.

With respect to Comeaux's motion for partial summary judgment, however, the Court finds that there is not good cause to allow the untimely filing. First, unlike the court reporter's illness, there were no extenuating circumstances that prevented the motion from being timely filed. Comeaux only identifies his "counsel's mistaken or confused understanding,"[14] but the language of the Court's orders is clear, and any confusion could have been easily resolved with a telephone call. With respect to the second factor to be considered, Comeaux has not provided any details regarding his proposed motion and the Court is, therefore, unable to evaluate its importance. Comeaux has not explained the nature or breadth of his proposed partial summary judgment motion on liability. Denying Comeaux's request will not deny him the opportunity to present evidence at trial regarding liability issues. Third, although Moran would be allowed time to respond to the motion,[15] Moran asserts "that it will be forced to divert attention from trial preparation" to deal with these new summary judgment issues,[16] and Comeaux has not rebutted that assertion. Fourth, no party has asked for a continuance, and the Court is not required to grant one. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883-84 (5th Cir. 2004)

---

[14] R. Doc. No. 91-1, at 2.
[15] *See* R. Doc. No. 94-1, at 3-4.
[16] R. Doc. No. 93, at 2.

4

("[T]he trial court [is] not obligated to continue the trial. Otherwise, the failure to satisfy the rules would never result in exclusion, but only in a continuance.").

Having considered and balanced the foregoing factors, the Court finds that Comeaux's lack of a legitimate explanation reflects a lack of "diligence" on the part of his counsel, and the Court does not find that there is good cause to allow the untimely motion for partial summary judgment. *See Filgueira*, 734 F.3d at 422. Accordingly,

**IT IS ORDERED** that the motions[17] for expedited consideration are **GRANTED**.

**IT IS FURTHER ORDERED** that the motion[18] for leave to file a reply is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion[19] to extend deadlines is **GRANTED IN PART** to the extent that it requests that the Court allow the untimely filing of Comeax's motion[20] *in limine*. Such motion will remain set for submission on October 29, 2014.

**IT IS FURTHER ORDERED** that the motion is **DENIED** in all other respects.

New Orleans, Louisiana, October 21, 2014.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[17] R. Doc. Nos. 92, 95.
[18] R. Doc. No. 94.
[19] R. Doc. No. 91.
[20] R. Doc. No. 90.